Deon L. Thomas
14626 Red Gum Street
Moreno Valley, CA 92555
951-413-9071
dlthomas32@gmail.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deon L. Thomas<br>*Plaintiff*<br><br>V.<br><br>H&P CAPITAL, INC.;<br><br>NOEL POOLER, as an individual<br>*Defendants* | Case No: CV12-01340 DMG (DTBx)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF PLAINTIFF DEON L. THOMAS<br><br>Date: October 12, 2012<br>Time: 9:30 a.m.<br>Courtroom: 7-2ND Floor<br>Judge: Dolly M. Gee |

Plaintiff Deon L. Thomas ("Plaintiff") submits this memorandum in support of his Motion for summary judgment. The Court should enter an entry of summary judgment asserted against Defendant's H&P Capital, Inc. ("HPC" or "Defendant") and Noel Pooler ("POOLER" or "Defendant"), because there is no dispute of material fact and Plaintiff is entitled to judgment as a matter of law.

## I. INTRODUCTION

Defendants are debt collectors as defined in 15 U.S.C. §1692a (6) and a collection agency as defined in Civil Code § 1788.2(c). There are no genuine issues of

1
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF PLAINTIFF DEON L. THOMAS

1  material fact.  Plaintiff asserts causes of action for violations of 15 U.S.C. Fair Debt
2  Collection Practices Act ("FDCPA") §1692 et seq. and the Rosenthal Fair Debt
3  Collection Practice Act, California Civil Code § 1788, et seq. ("ROSENTHAL"), for
4  placing no less than 16 telephone calls to the Plaintiff cell phone, in which to harass,
5  annoy, abuse with no prior express consent, without given meaningful disclosure of
6  caller's identity, and by using false and deceptive means in order to called a non-
7  existent debt.  Violation of Telephone Consumer Protection Act Sec. 227., 47 U.S.C. §
8  227, et seq. (hereinafter "TCPA"), for placing no less than 16 telephone calls to the
9  Plaintiff cell phone using automatic telephone dialing system and prerecorded voice
10 message, without permission or prior express consent.
11      Plaintiff and Defendants do not have or ever had an established business
12 relationship within the meaning of 47 U.S.C. § 227.  Plaintiff sent correspondence
13 notices by U.S. Postal Service and via emails, in effort to mitigate damages prior to
14 filing a complaint against Defendants.  All communication with Defendants failed to
15 comply with various stator requirements.
16      The undisputed facts demonstrate that Defendants made 16 telephone calls to
17 the Plaintiff cell phone, in which to harass, annoy, abuse with no prior express consent,
18 without given meaningful disclosure of caller's identity, and by using false and
19 deceptive means in order to called a non-existent debt.
20      The dates of the call:  January 23, 2012 at 1:33 PM, January 24, 2012 at 1:46
21 PM, January 25, 2012 at 9:30 AM, January 25, 2012 at 6:48 PM, January 26, 2012 at
22 10:33 AM, January 28, 2012 at 11:03 AM, January 30, 2012 at 6:01 PM, January 31,
23 2012 at 3:27 PM, February 1, 2012 at 6:44 PM, February 3, 2012 at 11:21 AM,

2
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF PLAINTIFF DEON L. THOMAS

February 3, 2012 at 5:04 PM, February 6, 2012 at 9:23 AM, February 8, 2012 at 10:23 AM, February 10, 2012 at 5:13 PM, February 15, 2012 at 4:33 PM, February 17, 2012 at 11:47 AM.

The Defendant's cannot show anything to the contract of violation of Plaintiff's rights, the Court should enter a judgment against Defendant's.

## II. SUMMARY JUDGMENT STANDARD

The purpose of the summary judgment rule is to dispose of factually unsupported claims. Summary judgment is appropriate if the record, read in the light most favorable to the nonmoving party, shows "there is no genuine issue as to any material fact and [] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). A dispute of material fact is "genuine" only where "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Summary judgment for a defendant is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial.'" *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 *citing Celotex*, 477 U.S. at 322 (1999).

## III. PROCEDURAL HISTORY

Plaintiff's complaint was filed on August 13, 2012. Defendant has yet to file responsive pleadings. Plaintiff files this motion for summary judgment.

## IV. SUMMARY OF UNDISPUTED FACTS

Plaintiff received multiple phone calls from HPC. Plaintiff's caller ID did not display a name. Plaintiff on numerous occasions attempted to answer his cell phone to

request the caller identity, at least 5 seconds passed, until he realized that it was an automatic prerecorded call.

On January 23, 2012 at 1:33 PM an employee of HPC who called Plaintiff, name unknown, was rude and threatening to Plaintiff by stating *"It's your phone and your minutes and I will call it every 5 minutes until you decide, as a matter of fact, I will continue to do that, have a good day sir"*, then phone call disconnected. Plaintiff then receive phone on January 24, 2012 at 1:46 PM, January 25, 2012 at 9:30 AM, January 25, 2012 at 6:48 PM, January 26, 2012 at 10:33 AM, January 28, 2012 at 11:03 AM, January 30, 2012 at 6:01 PM, January 31, 2012 at 3:27 PM, February 1, 2012 at 6:44 PM, February 3, 2012 at 11:21 AM, February 3, 2012 at 5:04 PM, February 6, 2012 at 9:23 AM, February 8, 2012 at 10:23 AM, February 10, 2012 at 5:13 PM, February 15, 2012 at 4:33 PM, February 17, 2012 at 11:47 AM.

The machine that dialed Plaintiff cellular telephone number automatically was equipped to play a prerecorded or artificial message. Plaintiff never gave permission or prior express consent that would allow HPC to call him. Plaintiff has never had an established business relationship, contractual obligation or applied for types of loan, mortgage, credit card, insurance or employment with HPC. The telephone calls made by the Defendants to the Plaintiff's phone were non-emergency calls.

In the process of collection of an alleged obligation not owed by the Plaintiff, the Defendants erroneously called Plaintiff repeatedly with an automatic telephone dialing system and prerecorded message.

Plaintiff sent notices by email on July 26, 2012 and Certified U.S. Postal mail on July 19, 2012, to HPC in an effort to mitigate damages and reach a settlement for

violations of the use of an automatic telephone dialing system and prerecorded message, in their effort to collect on a non-existent debt, before taking any civil actions against them.

POOLER responded on July 27, 2012 to Plaintiff's email correspondence by stating "your phone number is associated with only one account in our records belonging to a Deandrae Moore that we received for collections on 3/27/2012". POOLER responded on July 27, 2012 to Plaintiff's email correspondence by stating "As the attached account notes from our Latitude collection software shows, we never called your phone number while we had this account and returned it to its owner on 6/27/2012". POOLER responded on July 27, 2012 to Plaintiff's email correspondence by stating "There is no other record of your phone number in any of our collection files dating back 6 years". POOLER responded on July 27, 2012 to Plaintiff's email correspondence by stating "While we own a recording device and a dialer neither is operational and they have not been in service for some time. All of our calls are, and have been, placed manually by our collections staff directly to the consumers we contact".

As you can see from the call dates as reference above by Plaintiff, has direct contradictions and inconsistencies that shows the abuse, harassment and deceit of POOLER's email correspondence dated July 27, 2012.

## V. <u>LAW AND ARUMENT</u>

The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which is harassing, oppressive or abusive practices by debt collectors; "it also

requires debt collectors from using 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.' 15 U.S.C. § 1692e."

The TCPA restricts the making of telephone calls to phones and states "It shall be unlawful for any person within the United States to initiate any telephone call using an artificial or prerecorded voice to deliver a message with the prior express consent of the called party". TCPA 47 U.S.C. § 227 (b)(1)(B).

Defendants cannot allege *any* facts which could reasonably be interpret as showing they did not violate Plaintiff rights, FDCPA §1692 et seq., ROSENTHAL § 1788, et seq. or TCPA47 U.S.C. § 227, et seq.

~~Plaintiff has irrefutable proof that HPC called plaintiff cell phone using "automatic~~ telephone dialing system and prerecorded voice message". POOLER responded on July 27, 2012 to Plaintiff's email correspondence by stating "your phone number is associated with only one account in our records belonging to a Deandrae Moore that we received for collections on 3/27/2012". POOLER responded on July 27, 2012 to Plaintiff's email correspondence by stating "As the attached account notes from our Latitude collection software shows, we never called your phone number while we had this account and returned it to its owner on 6/27/2012". POOLER responded on July 27, 2012 to Plaintiff's email correspondence by stating "There is no other record of your phone number in any of our collection files dating back 6 years". POOLER responded on July 27, 2012 to Plaintiff's email correspondence by stating "While we own a recording device and a dialer neither is operational and they have not been in service for some time. All of our calls are, and have been, placed manually by our collections staff directly to the consumers we contact".

The phone calls to Plaintiff were placed by a machine that dialed Plaintiff cellular telephone number automatically, without a human hand manually dialing the telephone number. Plaintiff answered his phone, had to wait 5 seconds, and then heard a click. The machine that dialed Plaintiff cellular telephone number automatically was equipped to play a prerecorded or artificial message. After waiting 5 seconds, and then hearing a click, a prerecorded message came on. The calls stated, in relevant part:

> *"Hello this is H&P Capital; we have an urgent matter that that requires your immediate attention. We are debt collectors attempting to collect a debt, any information obtained will be used for that purpose. Please return this call as soon as possible to 877-285-8668, between the hours of 8 a.m. and 8 p.m."*

Plaintiff never gave permission or prior express consent that would allow HPC to call him. Plaintiff has never had an established business relationship, contractual obligation or applied for types of loan, mortgage, credit card, insurance or employment with HPC. The telephone calls made by the Defendants to the Plaintiff's phone were non-emergency calls.

Finally, POOLER, directly and indirectly, has represented to Plaintiff, expressly or by implication, that the alleged debt was valid through the harassing telephone calls. POOLER had the authority to control and direct the debt collection activity and calls of his representative(s), employee(s) and/or agent(s), to a person (Plaintiff) who is not obligated to such an alleged debt. POOLER has participated in the misrepresentation and other misconduct of HPC's representative(s), employee(s) and/or agent(s), and knew or should have known of the misrepresentation and other misconduct of HPC's representative(s),

employee(s) and/or agent(s) by way of phone calls and emails to Plaintiff, as such is a willful violation. Pooler should know the law and deliberately violated all laws herein.

POOLER had a duty to properly ascertain if there was a **legitimate** debtor and purpose before harassing Plaintiff by erroneously calling him numerous of times on his cell phone using automatic telephone dialing system and prerecorded message and POOLER.

POOLER inconsistent and contradicting statements in his email correspondence to Plaintiff, tried to deceive Plaintiff into believing there is no other record of Plaintiff phone number in any of their collection files dating back 6 years, while they own a recording device and a dialer neither is operational and they have not been in service for some time. All of our calls are, and have been, placed manually by our collections staff directly to the consumers we contact, all the statement made by POOLER are not true in fact. It is irrefutable that HPC and POOLER violated Plaintiff rights, FDCPA §1692 et seq., ROSENTHAL § 1788 et seq., and TCPA 47 U.S.C. § 227, et seq.

## VI.    CONCLUSION

Considering the foregoing, the Court should grant Plaintiff Motion for Summary Judgment and the sum certain of $26,000.00, let execution issue.

DATED: Sept. 4, 2012

Respectfully Submitted,

Deon L. Thomas
14626 Red Gum St.
Moreno Valley, CA 92555
951-413-9071
dlthomas32@gmail.com