FILED

1   Deon L. Thomas
    14626 Red Gum Street
2   Moreno Valley, CA 92555                2012 DEC -4  AM 10: 34
    951-413-9071
3   dlthomas32@gmail.com                   CLERK U.S. DISTRICT COURT
                                           CENTRAL DIST. OF CALIF.
4                                                 LOS ANGELES

5                                          BY:_____

6              UNITED STATES DISTRICT COURT
7              CENTRAL DISTRICT OF CALIFORNIA

8   |                                    ) Case No: CV12-01340 DMG (DTBx)
9   | Deon L. Thomas                     )
    |      *Plaintiff*                    )   PLAINTIFF DEON L. THOMAS
10  |                                    )   NOTICE OF MOTION and
    | V.                                 )   MEMORANDUM OF LAW POINTS
11  |                                    )   AND AUTHORITIES IN SUPPORT
    |                                    )   OF MOTION FOR DEFAULT
12  | H&P CAPITAL, INC.;                  )   JUDGMENT
13  |                                    )
    | NOEL POOLER, as an individual      )
14  |      *Defendants*                  )   Date: January 4, 2012
    |                                    )   Time: 9:30 a.m.
15  |                                    )   Courtroom: 7-2ND Floor
16  |                                        Judge: Dolly M. Gee

17  _____

18          NOTICE IS HEREBY GIVEN that on January 4, 2012, at 9:30 a.m., or as soon thereafter as

19  the matter can be heard in the courtroom of the Honorable Dolly M. Gee, located at 312 North

20  Spring St., Los Angeles, CA 90012, Rm. 7-2nd Floor, Plaintiff Deon L. Thomas ("Plaintiff") will,

21  and hereby does, move for default judgment against Defendants. This Motion will be made under

22  the provision of Fed R. Civ. P. 12(a)(1)(a), also Plaintiff has satisfied procedural requirement

23  pursuant to C.D. Cal L.R. 7-4 through 7-7 for default judgment.

24          The Procedures provides that a Defendant shall serve its answer to a complaint within

25  twenty-one (21) days of service of the letter. The Defendants had not filed an Answer, had not

26

27

28
                                          1
    **PLAINTIFF DEON L. THOMAS NOTICE OF MOTION and MEMORANDUM OF LAW POINTS AND AUTHORITIES IN SUPPORT OF
    MOTION FOR DEFAULT JUDGMENT**

served an Answer or any other paper upon the Plaintiff, and had not otherwise responded to the summons and complaint served upon them.  To this date, Defendant has undertaking no defense whatsoever in this matter.

DATED:  December 4, 2012

Respectfully Submitted,

Plaintiff

Deon L. Thomas
14626 Red Gum St.
Moreno Valley, CA 92555
951-413-9071
dlthomas32@gmail.com

**PLAINTIFF DEON L. THOMAS NOTICE OF MOTION and MEMORANDUM OF LAW POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

## MEMORANDUM OF LAW POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

The Plaintiff, Deon L. Thomas ("Plaintiff"), hereby submit this Memorandum of Law in Support of his Motion for Judgment by Default against H&P Capital, Inc. ("H&P") and Noel Pooler ("Pooler"), President and CEO of H&P Capital, Inc.

## I.   INTRODUCTION

Defendants are debt collectors as defined in 15 U.S.C. §1692a (6) and a collection agency as defined in Civil Code § 1788.2(c).  Plaintiff asserts causes of action for violations of 15 U.S.C. Fair Debt Collection Practices Act ("FDCPA") §1692 et seq. and the Rosenthal Fair Debt Collection Practice Act, California Civil Code § 1788, et seq. ("ROSENTHAL"), for placing no less than 16 telephone calls to the Plaintiff cell phone, in which to harass, annoy and abuse with no prior express consent, without given meaningful disclosure of caller's identity, and by using false and deceptive means in order to called a non-existent debt.  Violation of Telephone Consumer Protection Act Sec. 227., 47 U.S.C. § 227, et seq. (hereinafter "TCPA"), for placing no less than 16 telephone calls to the Plaintiff cell phone using automatic telephone dialing system and prerecorded voice message, without permission or prior express consent and non emergency.

Plaintiff and Defendants do not have or ever had an established business relationship within the meaning of 47 U.S.C. § 227.  Plaintiff sent correspondence notices by U.S. Postal Service and via emails, in effort to

3

mitigate damages prior to filing a complaint against Defendants.  All communication with Defendants failed to comply with various statutory requirements.

## II.

## FACTUAL BACKGROUND

On January 23, 2012, the Defendants began placing calls to the Plaintiff's cellular telephone number; 951-413-9071.

The calls consisted of autodialed and pre-recorded messages.  The Plaintiff never heard of Defendants before and had no business relation or any other matter with them, and for that reason, Plaintiff chose not to return any calls.

The calls continued, however On January 23, 2012 at 1:33 PM an employee of HPC who called Plaintiff, name unknown, was rude and threatening to Plaintiff by stating in relevant parts: "***It's your phone and your minutes and I will call it every 5 minutes until you decide, as a matter of fact, I will continue to do that, have a good day sir***", at which point the call was terminated. Plaintiff learned through the initial call on January 23, 2012, that they were attempting to collect an alleged debt from a "Deondrae Moore".  All the while, Defendants continued to place automated calls and leave prerecorded messages on Plaintiff's cellular phone on January 24, 2012 at 1:46 PM, January 25, 2012 at 9:30 AM, January 25, 2012 at 6:48 PM, January 26, 2012 at 10:33 AM, January 28, 2012 at 11:03 AM, January 30, 2012 at 6:01 PM, January 31, 2012 at 3:27 PM, February 1, 2012 at 6:44 PM, February 3, 2012 at 11:21 AM, February 3, 2012 at 5:04 PM, February 6, 2012 at 9:23 AM, February 8, 2012 at 10:23 AM, February 10, 2012 at 5:13 PM, February 15, 2012 at 4:33 PM, February 17, 2012 at 11:47 AM.

**PLAINTIFF DEON L. THOMAS NOTICE OF MOTION and MEMORANDUM OF LAW POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

On February 17, 2012 at 11:47 AM Pacific Time, an employee of HPC who called Plaintiff, name Robert Allen, was rude and obnoxious yelling to Plaintiff *"that's why I have a job"*, at which point the call was terminated.

The machine that dialed Plaintiff cellular telephone number automatically was equipped to play a prerecorded or artificial message. Plaintiff never gave permission or prior express consent that would allow HPC to call him. Plaintiff has never had an established business relationship, contractual obligation or applied for types of loan, mortgage, credit card, insurance or employment with HPC. The telephone calls made by the Defendants to the Plaintiff's phone were non-emergency calls.

Plaintiff sent notices by email on July 26, 2012 and Certified U.S. Postal mail on July 19, 2012, to HPC in an effort to mitigate damages and reach a settlement for violations of the use of an automatic telephone dialing system and prerecorded message, in their effort to collect on a non-existent debt, before taking any civil actions against them.                                    POOLER responded on July 27, 2012 to Plaintiff's email correspondence by stating "your phone number is associated with only one account in our records belonging to a Deandrae Moore that we received for collections on 3/27/2012". POOLER responded on July 27, 2012 to Plaintiff's email correspondence by stating "As the attached account notes from our Latitude collection software shows, we never called your phone number while we had this account and returned it to its owner on 6/27/2012". POOLER responded on July 27, 2012 to Plaintiff's email correspondence by stating "There is no other record of your phone number in any of our collection files dating back 6 years". POOLER responded on July 27, 2012 to Plaintiff's email correspondence by stating "While we own

a recording device and a dialer neither is operational and they have not been in service for some time.  All of our calls are, and have been, placed manually by our collections staff directly to the consumers we contact".

### III.

### JUDGMENT BY DEFAULT

Rule 12(a)(1)(a) of the Federal Rule of Civil Procedure provides that a Defendant shall serve its answer to a complaint within twenty-one (21) days of service of the letter.  The complaint in this case was filed on August 13, 2012, against Defendants H&P and POOLER [Doc. # 1].  Plaintiff has filed a proof of service indicating that the summons and complaint were served on September 5, 2012 on "Duane Romanello c/o Dawn Terry, Auth Agent" [Doc. # 10].  The Court took judicial notice that Duane Romanello is identified on the Florida Secretary of State's website as HPC'S registered agent in Florida. [Doc. # 17, Ex. 1].   On October 24, 2012, the Plaintiff has filed a proof of service indicating that the summons and complaint were personally served on October 9, 2012 on POOLER [Doc. # 18] and [Doc. # 19].

Defendants have filed no responsive pleadings, made no appearances, and have not otherwise attempted to contact Plaintiff to resolve the matter.  On October 17, 2012, the Clerk entered default against Defendant HPC pursuant to Plaintiff's request [Doc. ## 13, 14].  To this date, the Defendants has undertaken no defense whatsoever in this matter.

**PLAINTIFF DEON L. THOMAS NOTICE OF MOTION and MEMORANDUM OF LAW POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

The Plaintiff recognizes that entry of a default judgment against a Defendant is a severe remedy. *Epicentre Strategic Corp.-Mich. V. Cleveland Construct.,*2007 U.S. Dist. LEXIS 15971 (E.D. Mich. Mar. 7, 2007).  However, when a party does not respond to a properly served Complaint and ignores a duly issued and properly served Summons, a default judgment is the appropriate recourse. *McNeil v. United States*, 12 Fed. Appx. 805, 807 (10th Cir. Okla. 2001).  The Plaintiff would rather have this action decided upon its merit, however, since the Defendants appears to have no interest in participating, the only remaining avenue is the entry of default judgment against the Defendants.

*IV.*

## THE RELIEF SOUGHT BY PLAINTIFF SHOULD BE AWARDED

When the Court determined that a Defendant is in default, the factual allegations of the Complaint are taken as true for all purposes, excluding the determination of damages. *Pentech Fin. Servs. v. Old Dominion Saw Works, Inc.* 2009 U.S. Dist. LEXIS 55786 (W.D. Va. June 30, 2009).  This rule applies whether the sought is legal or, as is this case here, *both* legal and equitable. *United States v. Woods,* 2004 U.S. Dist. LEXIS 639 (D. Minn. Mar. 31, 2004). The Plaintiff offers following summary of what he believes his evidence would have shown at a trial of this matter.

### A.  The Telephone Consumer Protection Act (TCPA)

It is unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an

PLAINTIFF DEON L. THOMAS NOTICE OF MOTION and MEMORANDUM OF LAW POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

automatic telephone dialing system or an artificial or prerecorded voice to any

telephone number assigned to a cellular telephone service.  47 U.S.C. §

227(b)(1)(A)(iii).

Between January 23, 2012 and February 17, 2012, the Defendant places 16

such calls to the Plaintiff.  The content of each call was to annoy and harass

Plaintiff by calling his cellular phone for another party.  The calls were not

placed for an emergency purpose and the Plaintiff had never given prior express

consent (to anyone) to place such calls to his cellular telephone.  In fact, an

employee of HPC who called Plaintiff, name unknown, was rude and

threatening to Plaintiff by stating in relevant parts: ***"It's your phone and your***

***minutes and I will call it every 5 minutes until you decide, as a matter of fact,***

***I will continue to do that"***.  And the Defendant to an extent did just that; by

continuing to place autodialed calls and to leave prerecorded messages on the

Plaintiff phone until February 17, 2012, when Defendant knew or should have

known that the calls were placed to which they did not have any business

relationship with.

The TCPA provides a private right of action to consumers who receive

unlawful calls. *Jenkins v. Allied Interstate, Inc.,* 2009 U.S. Dist. LEXIS 94183

(W.D.N.C. Sept. 25, 2009).  And, statutory damages are calculated on a per call

basis.  *Charvat v. GVN Mich., Inc.,* 561 F.3d 623, 630 (6th Cir. Ohio 2009) (The

statute allows "[a] person who has received more than one telephone call with

any 12-month period by or on behalf of the same entity in violation of the

**PLAINTIFF DEON L. THOMAS NOTICE OF MOTION and MEMORANDUM OF LAW POINTS AND AUTHORITIES IN SUPPORT OF**
**MOTION FOR DEFAULT JUDGMENT**

regulations prescribed under this subsection" to bring an action for statutory damages "for each such violation."). Regardless of actual monetary loss, other courts considering this issue have held that the $500.00 figure, absent the finding of a "willful and knowing" violation, is mandatory fixed sum. *Fillichio v. M.R.S. Assocs.,* 2010 U.S. Dist. LEXIS 112780 (S.D. Fla. Oct. 19, 2010). For example, where a Defendant places 157 calls, the Plaintiff is entitled to statutory damages in the amount of $78,500 (157 multiplied by $500.00). Id. Additional, the TCPA authorizes treble damages for violative calls place willfully and knowingly with the use of an Automatic Telephone Dialing System (ATDS) or recorded message player regardless of whether or not the offender know that they were violating TCPA. See, e.g., *Sengenberger v. Credit Control Servs.,* 2010 U.S. Dist. LEXIS 142528 (N.D. Ill. June 17, 2010). Here, the Defendant knew it was calling the Plaintiff, knew it was leaving prerecorded messages, and know or should have known that such conduct is unlawful, especially considering the fact that the Defendants admitted owning ATDS, and Defendant has yet responded to this claim.

Since the Defendant willfully and knowingly placed unlawful calls to the Plaintiff's cellular telephone without his prior express consent and without an emergency purpose, as alleged in the complaint, the Plaintiff is entitled to trebled damages, again especially considering the fact that the Defendants admitted owning ATDS, said "they will call every five minutes, and Defendant has yet responded to this claim. Defendant placed 16 calls; the Plaintiff is

9

PLAINTIFF DEON L. THOMAS NOTICE OF MOTION and MEMORANDUM OF LAW POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR DEFAULT JUDGMENT

entitled to statutory damages, plus trebled in the amount of $24,000.00 (16 calls multiplied by $1500.00 total of $24,000.00).

## B. **The Fair Debt Collection Practices Act (FDCPA)**

The FDCPA is a strict liability statute. *Russell v. Equifax A.R.S.,* 74 F.3d 30 (2nd Cir. N.Y. 1996)(Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages). Pooler is liable because "Employees can be held personally liable under the FDCPA." Robinson v.   Managed Accounts Receivable Corp., 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); see Schwarm v. Craighead, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008).

It is a violation of 15 U.S.C. § 1692c(a)(1) by calling Plaintiff's phone on no less than 16 times, with no prior permission or express consent given by Plaintiff.   Collection contact is inconvenient for the consumer for many other reasons; the consumer might be entertaining friends, eating a meal, or attending to an illness in the family. *Yelvington v. Buckner,* 1984 U.S. Dist. LEXIS 24890 (N.D. Ga. Dec. 7, 1984).  Plaintiff is entitled to damages as provided under 15 U.S.C. § 1692k as a matter of law.

Second, it is a violation of  15 U.S.C. §1692d(5) by calling the Plaintiff no less than 16 times causing the Plaintiff's phone to ring repeatedly and/or continuously with the intent to annoy, abuse, or harass the Plaintiff with no prior permission given by Plaintiff. *Cirkot v. Diversidied Sys., Inc.,* 839 F. Supp. 941 (D. Conn. 1993). The fact that one of H&P employees threatened

and said "I *will call every 5 minutes"*, in violation of 15 U.S.C. §1692d(5) was

in fact abusive and harassing., thereby, again, 15 U.S.C. §1692d(6)      Third,

violated 15 U.S.C. §1692d(6) by calling the Plaintiff without meaningful

disclosure of the caller's identity.  *Edwards v. Niagrara Credit Solutions, Inc.,*

584 F.3d 1350, 1351 (11th Cir. Ga. 2009).  Not once in any of its calls to the

Plaintiff, did the Defendant include their identity.  In failing to do so, the

Defendant violated 15 U.S.C. §1692d(6), thereby, again, entitling the Plaintiff

to damages as a matter of law.

Fourth, Defendants violated 15 U.S.C § 1692e(10) by use of false and

deceptive means to collect or attempt to collect a nonexistent alleged debt or

obtain information concerning a consumer.  *Dunkin v. Equifax Check Servs.,*

*Inc.,* 406 F.3d 410 (7th Cir. 2005).  The Defendant violated 15 U.S.C.

§1692e(10), thereby, again, entitling the Plaintiff to damages as a matter of

law.

## C.  The California Rosenthal Debt Collection Practices Act (Rosenthal)

Rosenthal § 1788.17. Notwithstanding any other provision of this title,

every debt collector collecting or attempting to collect a consumer debt shall

comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall

be subject to the remedies in Section 1692k of, Title 15 of the United States

Code.  Pursuant to § 1788.2(C) the Defendants are debt collectors, a person

who in the ordinary course of business, regularly, on behalf of himself, herself

or others, engages in debt collection.

(Civ. Code § 1788.30(a) ("Any debt collector … shall be liable to that debtor only in an individual amount … .") (emphasis added))

§ 1788.30 (a) Any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action, and his liability therein to that debtor shall be in an amount equal to the sum of any actual damages sustained by the debtor as a result of the violation. (b) Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtorshall be for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000).

## V.

### CONCLUSION

The allegation in the Complaint has been conclusively established as fact by virtue of the entry of defaults against Defendants.  The remaining issue is the amount of damages which should be awarded to Plaintiff.

Defendant placed 16 calls to Plaintiff phone, knowingly and willfully using a ATDS  and prerecorded messages player.  Since the recorded messages where left knowingly and willfully, Plaintiff should receive one-thousand five hundred ($1,500.00) dollars for each of those calls, or twenty-four thousand ($24,000.00) dollars for Defendants violations of the TCPA.

PLAINTIFF DEON L. THOMAS NOTICE OF MOTION and MEMORANDUM OF LAW POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

The FDCPA allows for one thousand ($1000.00) per action, per individual Defendant or two thousand ($2000.00) dollars.  Plaintiff requests this amount.

The Rosenthal allows for one thousand ($1000.00) per action, per individual Defendant or two thousand ($2000.00) dollars.  Plaintiff requests this amount.

WHEREFORE, Plaintiff respectfully requests the entry of an order for Default judgment against the Defendant H&P and Pooler in the sum amount of $28,000.00, plus cost, which is justly due and owing, for which let execution issue.

Date:  December 4, 2012

Respectfully Submitted,

Deon L. Thomas, Plaintiff
14626 Red Gum Street
Moreno Valley, CA 92555
dlthomas32@gmail.com

PLAINTIFF DEON L. THOMAS NOTICE OF MOTION and MEMORANDUM OF LAW POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR DEFAULT JUDGMENT

# PROOF OF SERVICE

I am over the age of 18 and not a party to the within action; On December 4, 2012, I served the foregoing documents described as:

**PLAINTIFF DEON L. THOMAS NOTICE OF MOTION and MEMORANDUM OF LAW POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

[x] by placing ____ the original _x_ a true copy thereof enclosed in sealed envelopes addressed as follows:

H&P Capital, Inc.
Attn: Duane Romanello
1919-8 Blanding Blvd
Jacksonville, FL 32210

Noel Pooler
9681 Pritmore Rd
Jacksonville, FL 32217

[ ] BY CERTIFIED MAIL NO.

[ X ]   ** (U.S. FIRST CLASS MAIL) The above-referenced document to be delivered via U.S. Postal mail to the above-referenced address.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 4, 2012, in Riverside, California

Joscelin Thomas

# **<u>EXHIBITS</u>**

## AFFIDAVIT IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

NOW COMES Deon L. Thomas ("Affiant/Plaintiff ") of Riverside, California who is over the age of 21 years of age, competent to testify, having personal knowledge of the facts stated in this affidavit, and information contained herein are true and correct and declares as follows under penalty of perjury and states as follows:

H&P Capital, Inc., ("H&P or Defendant") and Noel Pooler ("Pooler or Defendant") was served by the following method:

**Service of Process was made On September 5, 2012 by Mr. Mark Wooster, in compliance with FRCP 4 and C.C.P. on the Defendant H&P authorized agent Duane Romenello, located at 1919-8 Blanding Blvd, Jacksonville, FL 32210.**

**Service of Process was made On October 8, 2012 by Mr. Mark Wooster, in compliance with FRCP 4 and C.C.P. on the Defendant Pooler, located at 9681 Pritmore Rd. E., Jacksonville, FL 32257.**

1. Plaintiff has a cellular telephone registered in his name, with a number of 951-413-9071 ("Phone number").

2. The complaint in this case was filed on August 13, 2012, against Defendants H&P and POOLER [Doc. # 1].

3. Plaintiff has filed a proof of service indicating that the summons and complaint were served on September 5, 2012 on "Duane Romanello c/o Dawn Terry, Auth Agent" [Doc. # 10].

4. The Court took judicial notice that Duane Romanello is identified on the Florida Secretary of State's website as HPC'S registered agent in Florida. [Doc. # 17, Ex. 1].

5. On October 24, 2012, the Plaintiff has filed a proof of service indicating that the summons and complaint were personally served on October 9, 2012 on POOLER [Doc. # 18] and [Doc. # 19].

6. On October 17, 2012, the Clerk entered default against Defendant HPC pursuant to Plaintiff's request [Doc. ## 13, 14].

EXHIBIT 1                    AFFIDAVIT OF PLAINTIFF                    Page 1 of 3

7. I further certify that the defendant has failed to serve an answer or other responsive pleading before the due date, allowed by law.

8. no extension has been granted or any extension has expired.

9. clerk's entry of default of Defendant entered properly.

10. The Defendant is neither an infant (under 21) nor an incompetent person.

11. The defendant is not in the active military service of the United States of America or its officers or agents or was not six months prior to the filing of the case.

12. Defendant placed automated calls and left prerecorded messages on Plaintiff's cellular phone on January 24, 2012 at 1:46 PM, January 25, 2012 at 9:30 AM, January 25, 2012 at 6:48 PM, January 26, 2012 at 10:33 AM, January 28, 2012 at 11:03 AM, January 30, 2012 at 6:01 PM, January 31, 2012 at 3:27 PM, February 1, 2012 at 6:44 PM, February 3, 2012 at 11:21 AM, February 3, 2012 at 5:04 PM, February 6, 2012 at 9:23 AM, February 8, 2012 at 10:23 AM, February 10, 2012 at 5:13 PM, February 15, 2012 at 4:33 PM, February 17, 2012 at 11:47 AM.

13. On January 23, 2012 at 1:33 PM Pacific Time, an employee of HPC who called Plaintiff, name unknown, was rude and threatening to Plaintiff and was heard to say: "*It's your phone and your minutes and I will call it every 5 minutes until you decide, as a matter of fact, I will continue to do that, have a good day sir*", then phone call disconnected.

14. Defendant placed 16 calls to Plaintiff phone, knowingly and willfully using an ATDS and prerecorded messages player.

15. Defendant placed 16 calls; the Plaintiff is entitled to statutory damages, plus trebled in the amount of $24,000.00 (16 calls multiplied by $1500.00 total of $24,000.00).

16. The FDCPA allows for one thousand ($1000.00) per action, per individual Defendant or two thousand ($2000.00) dollars. Plaintiff requests this amount.

17. The Rosenthal allows for one thousand ($1000.00) per action, per individual Defendant or two thousand ($2000.00) dollars. Plaintiff requests this amount.

EXHIBIT 1                          AFFIDAVIT OF PLAINTIFF                          Page 2 of 3

I certify under penalty of perjury in the state of California that the foregoing is true and correct.

Date:  December 4, 2012

Plaintiff,

Deon L. Thomas
14626 Red Gum St.,
Moreno Valley, CA 92555

### JURAT

State of California

County of Riverside

**Subscribed and sworn to** (or affirmed) before me on this ___4___ day of ___December___, 20 __12__, by ___Deon L. Thomas_____, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Notary Signature _____ (seal)

CINDY GARCIA
COMM. #1848369
Notary Public-California
RIVERSIDE
My Commission Expires May 9, 2013

**EXHIBIT 1**                    **AFFIDAVIT OF PLAINTIFF**                    Page 3 of 3

## Account History

| Our Account ID: | 1759880 | Status: | NEW | | Report Date |
|---|---|---|---|---|---|
| Customer: | 0004000 | Cascade Receivables Management, LLC | | | 7/27/2012 10:06AM |
| Account Number: | 28035769 | | | | |

| Received: | 3/27/2012 | Closed: | | Returned: |
|---|---|---|---|---|

| Original Balance | $250.00 | Interest Rate: | 0.00 |
|---|---|---|---|
| Amount Paid: | $0.00 | Last Int Date: | |
| Current Balance: | $250.00 | | 3/27/2012 |

### Debtors

| Name | Deandrae Moore | | SSN | ▓▓▓▓▓ | DOB | |
|---|---|---|---|---|---|---|
| OtherName | | | HomePhone | 6192635622 | | |
| Street1 | 4060 Messina Dr | | WorkPhone | 6192602100 | | |
| Street2 | E | | | | | |
| CSZ | San Diego, CA  92113 | | | | | |

### Payments

| Date | Type | Matched | Check No | Invoiced | Amount | Comment |
|---|---|---|---|---|---|---|

### Notes

| Date and Time | User | Action | Result | Comment |
|---|---|---|---|---|
| 3/27/2012  5:49PM | EXG | +++++ | +++++ | Fax 6193418930 added |
| 3/27/2012  5:49PM | EXG | +++++ | +++++ | Fax 9514139071 added |
| 6/22/2012  2:56PM | David | DESK | CHNG | Desk Changed from 1000 to CLOSED |

### Letter History

| Date Requested | Requested By | Date Processed | Letter Code | Description |
|---|---|---|---|---|

*Exhibit 2*

Certified Mail # 7011 0470 0001 7943 9717

Deon L. Thomas
14626 Red Gum St.
Moreno Valley, CA 92555

July 19, 2012

**<u>SERVED BY CERTIFIED MAIL & EMAIL</u>**
H & P CAPITAL, INC.
7960 Baymeadows Way, bldg 6, # 300
Jacksonville, FL 32257

To Noel Pooler,

I would like to take the time to inform H & P Capital, Inc. that they made 16 (Sixteen) documented collection calls to my cell phone. The calls were initiated with an automatic telephone dialing system and pre-recorded calls, in violations of TCPA. At no time have I ever had any business dealing with your company and at no time have I ever given you my consent to call my phone. These calls were very annoying to say the least.

The private right of action in the TCPA 47 U.S.C 227(b)(3)(b)(c) allows a statutory penalty of $500.00 for the first call made in violation and a trebling of damages on each additional call as a willful violation at $1500.00 in damages per call. The statutory damages to me therefore total $23,000.00 for your violation of the TCPA. There are also violations of FDCPA and California Rosenthal Act, which each has damages that amount to $1000.00.

I am prepared to file suit in Federal District Court seeking damages for your above TCPA, FDCPA and California Rosenthal Act violations, if we cannot reach an amicable settlement of the issues at hand. I am willing to settle this matter with payment to me in the amount of $8000.00 for statutory damages under 47 U.S.C 227, that amount represent damages of only $500.00 per call, which is the absolute minimum in damages in which I am entitle to as a result of the violations. FDCPA violation, I am willing to settle now with payment to me in the amount of $1,000.00 and California Rosenthal Act violation, in the amount of $1,000.00, for a total of $10,000.00.

Should it become necessary to follow through with litigations, the damages awarded by a jury, could be as high as the previously mentioned $23,000.00 for TCPA violations, but most assuredly will equal to a minimum of what I am willing to settle for at this time, with no litigation expenses incurred. I am will to settle for a total of $10,000.00. I encourage you to contact me at dlthomas32@gmail.com within ten (10) days, to avoid having me move forward to filing suit for recovery of said damages.

Respectfully Submitted,

Deon L. Thomas



**U.S. Postal Service**
**CERTIFIED MAIL.. RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

JACKSONVILLE FL 32257

| Postage | $ | $0.45 | 0553 53 |
| Certified Fee | | $2.95 | |
| Return Receipt Fee (Endorsement Required) | | $0.00 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $3.40 | 07/19/2012 |

Sent To  H E P Capital, Inc.  ATTN: GARY Henrion
Street, Apt. No.; or PO Box No.  7960 Baymeadows Way, bldg 6 # 300
City, State, ZIP+4  Jacksonville FL 32257

PS Form 3800, August 2006                                    See Reverse for Instructions

7011 0470 0001 7943 9717

English   Customer   USPS Mobile                                          Register / Sign In
          Service

USPS.COM                                    Search USPS.com or Track Packages

Quick Tools        Ship a Package      Send Mail     Manage Your Mail     Shop     Business Solutions

# Track & Confirm

GET EMAIL UPDATES    PRINT DETAILS

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| 70110470000179439717 | First-Class Mail® | Delivered | August 10, 2012, 11:54 am | JACKSONVILLE, FL 32244 | Expected Delivery By: July 23, 2012 Certified Mail™ |
| | | Notice Left (No Authorized Recipient Available) | August 09, 2012, 9:26 am | JACKSONVILLE, FL 32238 | |
| | | Processed through USPS Sort Facility | August 08, 2012, 10:31 pm | JACKSONVILLE, FL 32203 | |
| | | Forwarded | August 06, 2012, 12:17 pm | JACKSONVILLE, FL | |
| | | Undeliverable as Addressed | August 03, 2012, 4:18 pm | JACKSONVILLE, FL 32256 | |
| | | Processed through USPS Sort Facility | August 01, 2012, 2:27 am | JACKSONVILLE, FL 32203 | |
| | | Depart USPS Sort Facility | July 22, 2012 | JACKSONVILLE, FL 32203 | |
| | | Processed through USPS Sort Facility | July 22, 2012, 4:43 am | JACKSONVILLE, FL 32203 | |
| | | Depart USPS Sort Facility | July 19, 2012 | SAN BERNARDINO, CA 92403 | |
| | | Processed through USPS Sort Facility | July 19, 2012, 6:01 pm | SAN BERNARDINO, CA 92403 | |
| | | Dispatched to Sort Facility | July 19, 2012, 4:14 pm | MORENO VALLEY, CA 92553 | |
| | | Acceptance | July 19, 2012, 1:05 pm | MORENO VALLEY, CA 92553 | |

**Check on Another Item**

What's your label (or receipt) number?

Find

LEGAL                    ON USPS.COM                  ON ABOUT.USPS.COM          OTHER USPS SITES
Privacy Policy ›         Government Services ›        About USPS Home ›          Business Customer Gateway ›
Terms of Use ›           Buy Stamps & Shop ›          Newsroom ›                 Postal Inspectors ›
FOIA ›                   Print a Label with Postage › Mail Service Updates ›     Inspector General ›
No FEAR Act EEO Data ›   Customer Service ›           Forms & Publications ›     Postal Explorer ›
                         Site Index ›                 Careers ›

Copyright© 2012 USPS. All Rights Reserved.



deon thomas` <dlthomas32@gmail.com>

**D. Thomas Notice of Intent to File Lawsuit**

3 messages

---

**deon thomas`** <dlthomas32@gmail.com>                                      Thu, Jul 26, 2012 at 2:58 PM
To: phossman@hpcapitalinc.com.certified.readnotify.com, mstewart@hpcapitalinc.com.certified.readnotify.com
Cc: tmackey@hpcapitalinc.com.certified.readnotify.com, ghenrion@hpcapitalinc.com.certified.readnotify.com,
npooler@hpcapitalinc.com.certified.readnotify.com

Mr Pooler, Mr Henrion and Ms Mackey

I am writing this email to resolve a pretty serious matter, I would would like to request expedient resolution to this
correspondence. I have attached information within that I would like to potentially avoid if necessary. It is my wish to have a
sincere amicable resolution, without having outside parties involved with litigation in this matter. Please see attached
correspondence.

To assist you in your investigation, in order for a smooth resolution, the number in question is 951-413-9071 . I have in my
possession evidence of recorded calls and equipment used by your company that created the substantive issue of my potential
claim. I hope this will assist in an amicable solution.

Best Regards,

Deon Thomas

---

📄 **HP Capital Notice of Intent to file Lawsuit.pdf**
485K

---

**Noel Pooler** <npooler@hpcapitalinc.com>                                    Fri, Jul 27, 2012 at 7:48 AM
To: deon thomas` <dlthomas32@gmail.com>
Cc: Tammy Mackey <tmackey@hpcapitalinc.com>

Mr. Thomas,


Our records indicate that, while you are not in our system, your phone number is associated with only one account in our records
belonging to a Deandrae Moore that we received for collections on 3/27/2012. As the attached account notes from our Latitude
collection software shows, we never called your phone number while we had this account and returned it to its owner on
6/27/2012. There is no other record of your phone number in any of our collection files dating back 6 years. Also, while we own a
recording device and a dialer, neither is operational and they have not been in service for some time. All of our calls are, and have
been, placed manually by our collections staff directly to the consumers we contact.


While I cannot see anything in our records to support a TCPA claim, if you could provide more information regarding the calls
(dates, times, the message, etc.) it would be helpful in our investigation. We take all claims seriously and, while we admit no
liability in this matter, will investigate it thoroughly.


Our attorney representing us in collection matters such as this is Steven Dunn of Dallas, TX. I will also forward our correspondence
to him.


Sincerely,


**Noel Pooler**

**H&P Capital, Inc.**

PO Box 7911

Jacksonville, FL 32238

(904) 451-1878 mobile


**WE ARE DEBT COLLECTORS. WE ARE ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

---

**From:** deon thomas` [mailto:dlthomas32@gmail.com]
**Sent:** Thursday, July 26, 2012 5:59 PM
**To:** phossman@hpcapitalinc.com; mstewart@hpcapitalinc.com
**Cc:** tmackey@hpcapitalinc.com; ghenrion@hpcapitalinc.com; npooler@hpcapitalinc.com
**Subject:** D. Thomas Notice of Intent to File Lawsuit

[Quoted text hidden]

**ReadNotify.com E-mail Posting-Time Digital Certificate.**   The above e-mail arrived from dlthomas32@gmail.com, was assigned sequence number #20868746 and ReadNotify reference **54e4197c456900bf0aaf4013923ff4c5**, digitally signed, and subsequently relayed. NB: This certificate irrevocably links the body and headers of this email to the date and time they were sent. The following signature is now published online; to view it, verify it, or for more information, please visit www.ReadNotify.com.


```
-----BEGIN PGP SIGNATURE-----

Version: GnuPG v1.0.6 (ReadNotify.com TimeStamp Server v2.2)

Comment: Certificate #20868746, created Thu, 26 Jul 2012 21:58:46 GMT


iQBvAwUBUBG9ljanThAdit3tAQGJjALQlwHSYnxaFwJXcf5Aqc3+l6i9tukDkLGA

SQmMZI9rYz8MCZRQmDGFQ0EhGdPYX/zTHM0ZVb7jGXPEAqoH3H2KprfVs66ZjnuL

hcIzo27oCWG4i47AObnWTNMT

=bJ2x

-----END PGP SIGNATURE-----
```

📎 **Moore account .pdf**
106K

---

deon thomas` <dlthomas32@gmail.com>
To: npooler@hpcapitalinc.com.certified.readnotify.com
Cc: tmackey@hpcapitalinc.com.certified.readnotify.com

Fri, Jul 27, 2012 at 1:06 PM

Mr. Pooler,

I would like to thank you for responding to me in this matter.  I am fully aware that I would not be in your records what so ever, I have no knowledge of a person named Deandrae Moore, this person does not exist to me.  Again, I have no knowledge of the date of 3/27/12, the calls that are subject to violation of my rights and of TCPA 47 U.S.C. 227 began January 23, 2012.  I never gave H & P Capital prior express consent.  The calls to say the least were annoying, harassing and abusive, in which violates the FDCPA and Calif. Rosenthal. I have documented records that is to the contrary of what you are writing is this correspondence.  The notes you provided are totally off the mark and I maintain evidence of all the pre-recording calls made by H & P Captial, so your claim of HP devices being in operable is not correct and misleading to say the least.  Your calls to my

cell phone are all made with a predictive dial and pre recorded devices, without prior express consent by me.

My only reason for contacting you, is to handle this very serious matter on this end of litigation and not retain outside sources. The phone in question is 951-413-9071 and I will provide the date now of:  1/23/12 @ 1:33 pm (a rude and obnoxious person who failed to give a "mini-miranda" said to me "It's your phone and your minutes and I will continue to call it, as a matter of fact, I will go ahead and do that", as phone disconnect.   1/24/12 @ 1:46pm, I attempted to answer to request the caller identity until I realized that it was an automatic prerecorded call.  1/25/12 @ 9:30am, same detail as previously mentioned,  1/25/12 @ 6:48pm, same detail as previously mentioned, 1/26/12 @ 10:33am, same detail as previously mentioned, 1/28/12 @ 11:03am, same detail as previously mentioned, 1/30/12 @ 6:01pm, same detail as previously mentioned, 1/31/12 @ 3:27pm, same detail as previously mentioned.  I have more, but you should begin your investigation starting with this.  Hopefully, this can strike some sort of settlement resolution prior to litigating.

It is my hope that we can come to a resolution sooner than later.

Thanks,

Deon Thomas
[Quoted text hidden]



6/18/12 ReadNotify.com Proof-of-Posting Certificate for " D. Thomas Notice of Intent to File Lawsuit"

deon thomas' <dlthomas32@gmail.com>

---

**ReadNotify.com Proof-of-Posting Certificate for " D. Thomas Notice of Intent to File Lawsuit"**

1 message

**ReadNotify.com Stamper** <PleaseDon'tReplyToThis@readnotify.com>
Reply-To: PleaseDon'tReplyToThis@readnotify.com
To: deon thomas <dlthomas32@gmail.com>

Thu, Jul 26, 2012 at 2:58 PM

> ### ReadNotify.com Proof-of-Posting certificate.
>
> The one or more digital certificates shown below were generated and attached during dispatch to your email entitled " D. Thomas Notice of Intent to File Lawsuit" sent on Thu, 26 Jul 2012 21:58:46 GMT from dlthomas32@gmail.com to npooler@hpcapitalinc.com with ReadNotify.com reference 54e4197c456900bf0aaf4013923ff4c5 and your messageid ' <CAH_QDVSrGpxGKWqcs-BBKRYxE9XXJsM2dD5ygouZyvKQs3N=eg@mail.gmail.com>'
>
> For your convenience, your original (now digitally signed & time-certified) email is attached hereto.
>
> HTML portion certificate:-
>
> **ReadNotify.com E-mail Posting-Time Digital Certificate.** The above e-mail arrived from dlthomas32@gmail.com, was assigned sequence number #20868746 and ReadNotify reference 54e4197c456900bf0aaf4013923ff4c5, digitally signed, and subsequently relayed. NB: This certificate irrevocably links the body and headers of this email to the date and time they were sent. The following signature is now published online; to view it, verify it, or for more information, please visit www.ReadNotify.com.
>
> -----BEGIN PGP SIGNATURE-----
> Version: GnuPG v1.0.6 (ReadNotify.com TimeStamp Server v2.2)
> Comment: Certificate #20868746, created Thu, 26 Jul 2012 21:58:46 GMT
>
> iQBvAwUBUBG9ljanThAdit3tAQGJjALQ1wHSYnxaFwJXcf5Aqc3+16i9tukDkLGA
> SQmMZI9rYz8MCZRQmDGFQ0EhGdPYX/zTHM0ZVb7jGXPEAqoH3H2KprfVs66ZjnuL
> hcIzo27oCWG4i47AObnWTNMT
> =bJ2x
> -----END PGP SIGNATURE-----

📄 **noname.eml**
6K