Deon L. Thomas
14626 Red Gum Street
Moreno Valley, CA 92555
951-413-9071
dlthomas32@gmail.com

FILED
CLERK, U.S. DISTRICT COURT
FEB - 6 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deon L. Thomas  *Plaintiff*  v.  H&P CAPITAL, INC., et al. | Case No. CV12-01340 DMG (DTBx)  **NOTICE TO THE COURT** |

PLEASE TAKE NOTICE; this court will take notice, that Plaintiff feels it is improper that you are allowing H&P Capital, Inc., ("H&P or Defendant") to file a motion to set aside Plaintiff's motion for default judgment. It is equally improper to allow Noel Pooler's ("Pooler") answer to Plaintiff's complaint be accepted by the Court, late, considering service on Pooler was proper and his response was more than two months after service.

On September 24, 2012, the Plaintiff filed a proof of service indicating that the summons and complaint were properly served on September 5, 2012 on H&P [Doc. # 9]. On October 17, 2012, the Clerk entered default against H&P pursuant to Plaintiff's request [Doc. # 15]. Plaintiff's motion for entry of default was properly entered into the Court on October 17, 2012.

It is procedurally incorrect to allow H&P to file a response to Plaintiff's complaint more than three months after properly being served. Additionally, Defendant did not appear in the suit prior to the clerk's entry of Default nor prior to the filing of Plaintiff's motion. Defendant filed a responsive pleading on December 17, 2012, more than three months after being served.

The Defendant's did not submit with the court a Notice of Interest Party and/or Notice of Appearance, which is a requirement of the Local Rules. It is obvious that the Defendant is not taking this case seriously, and the Court is allowing this dismissive practice on the part of the Defendant's and their attorney. The Court should consider equal requirements under the Federal Rules of Civil Procedures and Local Rules, and not allow Defendant nor their attorney Jeffrey A. Paris ("Paris") special privileges. Would the Plaintiff as a pro se have just as much leniency as is given to the Defendant's and their attorney Paris who are officially registered with State Court? It is not known if Paris, the attorney for Defendant's are registered to practice in Federal Court?

I am objecting to the decision to allow H&P file a motion to set aside Plaintiff's motion for default judgment. I am also objecting to the fact that Pooler's answer was allowed more than two months of being properly served. It is my belief that the Court would error if the Defendant's and their attorney Paris are allowed to abuse the system.

WHEREFORE the reasons set for above Plaintiff request the court to deny Defendant the opportunity to put in a motion to set aside Plaintiff's motion for default judgment. Plaintiff requests the Court to grant his motion for judgment upon default against the Defendant.

DATED: January 28, 2013

Respectfully Submitted,

_____
Deon L. Thomas

# CERTIFICATE OF SERVICE

I, Deon L. Thomas, do hereby certify that on January 28, 2013, a copy of the forgoing document was sent via U.S. Mail to:

Jeffrey A Paris State Bar # 113527
424 Pico Boulevard
Santa Monica, CA 90405
Attorney for :
H&P Capital, INC. and Noel Pooler

Respectfully,

*/s/ Deon L. Thomas*

Deon L. Thomas