UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON L. THOMAS<br><br>　　　*Plaintiff*<br><br>vs.<br><br>H&P CAPITAL, INC. et. al.<br><br>　　　*Defendant* | Case No. 12-cv-01340 DMG (DTBx)<br><br>JOINT RULE 26(f) REPORT &<br>PROPOSED DISCOVERY PLAN<br><br>Scheduling Conference: 3/15/2013<br>Time:  11:00 a.m.<br>Judge: Hon.  Dolly M. Gee |

**A.     RULE 26(f) CONFERENCE.**

Pursuant to Federal Rule of Civil Procedure 26(f), a telephonic meeting was held on March 1, 2013 and was attended by Deon Thomas, Pro Se and Jeffrey Paris, Esq. on behalf of Defendant Noel Pooler ("Pooler").

**B.     PRE-DISCOVERY DISCLOSURES**

The parties will exchange the information required by Federal Rule of Civil Procedure 26(a)(1) no later than March 15, 2013.

**C.     DESCRIPTION OF THE CASE.**

(1)     Jurisdiction of this Court arises under 15 U.S.C. § 1692k (d), 28 U.S.C § 1331, 47 U.S.C § 227(b)(3) and 28 U.S.C § 1367.

(2)     A brief narrative of the facts giving rise to this lawsuit, including a description of legal claims and defenses:

1

Plaintiff:

The legal issue presented in this case is whether Defendant H&P used an automatic telephone dialing system and pre recorded messages to call Plaintiff phone number violates TCPA 47 U.S.C. § 227 et. seq. Whether Plaintiff gave permission or prior express consent that would allow H&P to call him. Where the calls to Plaintiff's phone non-emergency calls. Whether H&P and Pooler had the equipment to ring Plaintiff's phone repeatedly and continuously, with the intent to annoy, abuse, or harass the Plaintiff violates FDCPA. Whether or not Pooler's email correspondences to Plaintiff were false, deceptive and misleading violated the FDCPA.

Defendant:

Defendant asserts that H & P Capital, Inc.'s ("H&P") conduct, in seeking to collect an outstanding debt due and owing from Plaintiff employed legal collection techniques and did not violate the FDCPA. Defendant denies engaging in any illegal, harassing, or abuse conduct and thus, denies violating the FDCPA.

Defendant denies that Plaintiff is entitled to any statutory amounts, attorney's fees or costs of court.

To the extent that any technical violation of the FDCPA occurred, which Defendant denies, then the violation was unintentional and the result of a bona fide error.

Defendant denies that it has any liability under the TCPA. Defendant does not utilize an "automatic telephone dialing system" as that term is defined by 47 U.S.C. § 227.

Defendant further denies that he is liable in his individual capacity.

**D.     ISSUES TO BE DETERMINED BY MOTION**

Defendant asserts that its defenses of bona fide error and alleged liability under the TCPA can be decided by dispositive motion.

**E.   PLEADINGS**

(1)   Plaintiff's Complaint has been filed with the Court.

(2)   Plaintiff duly demanded a trial by jury.

**F.   DISCOVERY PLAN**

(1)   Plaintiff believes that any information pertaining to the communication between Plaintiff and Defendant, and each of them, whether dialed by machine, written and oral will need to be discovered. Plaintiff's discovery will be directed toward Defendants H&P used an automatic telephone dialing system and pre recorded messages to call Plaintiff phone number. Whether Plaintiff gave permission or prior express consent that would allow H&P to call him. Whether the calls to Plaintiff's phone non-emergency calls. Whether H&P and Pooler had the equipment to ring Plaintiff's phone repeatedly and continuously, with the intent to annoy, abuse, or harass the Plaintiff. Whether or not Pooler's email correspondences to Plaintiff were false, deceptive and misleading violated the FDCPA. Plaintiff will also conduct discovery into Defendant's affirmative defenses. Plaintiff intends to propound written discovery. Plaintiff intends to conduct depositions to person most knowledgeable regarding TCPA, FDCPA compliance and person most knowledgeable regarding discovery responses. Plaintiff agrees to limit the number of written discovery requests as set forth in the Federal Rules of Civil Procedure. Plaintiff further agrees to a maximum of three (3) depositions to be taken by each party, excluding expert depositions.

(2)   Defendant's discovery will be directed toward the nature and extent of H&P's communication with Plaintiff as well as the basis for Plaintiff's alleged damages claims.

Defendant anticipates deposing Plaintiff and requests the right to conduct a maximum of five (5) additional depositions. Other written discovery will be conducted as set forth in the Federal Rules of Civil Procedure.

(3) The parties agree to conduct discovery per the Federal Rules of Civil Procedure guidelines and constraints.

(4) The parties request the following deadlines for discovery as follows:

(A). Fact discovery cut-off - February 28, 2014

(B). Expert Witness Disclosure - January 31, 2014

(C). Rebuttal Expert Witness Disclosure - March 20, 2014

(D). Expert discovery cut-off - April 21, 2014

G. MOTIONS

The parties request the following deadlines for motions:

(1) Amended Pleading and Additional Parties Cut-off – August 1, 2013

(2) Non-Dispositive Motion cut-off date - August 28, 2014

(3). Dispositive Motion cut-off date – September 30, 2014

H. TRIAL

The parties request the following pretrial and trial dates:

(1) Pre-trial conference - January 15, 2015

(2) Trial - February 26, 2015

(3) The trial is expected to last two (2) to three (3) days.

(4) Plaintiff is pro se. Defendant's trail trial counsel will be Jeffrey Paris and Steven R. Dunn, upon his admission pro hac vice.

I.  **ADR**

Plaintiff made a settlement demand. Defendant has not yet responded. Pursuant to Local Rule 16-15.4 – 16-5.9, Defendant requests settlement procedure No. 1 and agrees to appear before the Magistrate Judge assigned to this case for settlement proceedings. Defendant anticipates that ADR can be completed within 180 days of the Scheduling Conference.

J.  **Miscellaneous Schedule Items:**

The parties do not have knowledge of any additional matters at this time.

Dated:      March __, 2013

By: _____
Deon L. Thomas


Dated:      March _1_, 2013

**PARIS AND PARIS, LLP**

BY: _____
Jeffrey A. Paris, Esq.
Attorneys for Defendant